UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES N. DESLONDE | * | CIVIL ACTION |
| versus | * | NO. 07-4314 |
| ALLSTATE INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for partial summary judgment. For the reasons that follow, the motion is DENIED without prejudice.

Background

This is an insurance dispute arising out of Hurricane Katrina-damaged property. The facts of the case are detailed in the Court's February 13 Order and Reasons denying without prejudice Allstate's motion for partial summary judgment on the same issue regarding Allstate's alleged bad faith, an issue now raised by plaintiff.

I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co.

1

v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.

The plaintiff seeks partial summary judgment that Allstate

acted in bad faith in refusing to pay for covered damages to his insured properties within 30 or 60 days of receipt of satisfactory proof of loss.  This is the exact same issue that the Court addressed in its February 13 Order and Reasons when it denied Allstate's request for partial summary judgment.  <u>See</u> Order and Reasons dated February 13, 2008 ("At this stage, the record is inadequate; it provides no insight into what Allstate knew when it refused to pay the plaintiff's claim").

Nothing in the record has changed.[1]  Curiously, the plaintiff's memorandum makes no mention of the prior briefing on this issue or this Court's February 13th ruling.  Rather, the plaintiff simply reproduces the text of La.R.S. §§ 22:658 and 22:1220, states that no payment was made to him by Allstate for wind damage to either of his properties within 30 or 60 days, and concludes that this alone subjects Allstate to penalties as a matter of law.  Just as the Court concluded on this same record that it could not be determined as a matter of law that Allstate does not owe penalties (<u>see</u> Order and Reasons dated February 13th), likewise it cannot be determined as a matter of law that the plaintiff is owed penalties.

The plaintiff utterly fails to acknowledge his burden, as the

---

[1] In fact, the plaintiff submits no new evidence, only his two insurance policies and his own sworn affidavit.  The Court suggests that all counsel might wish to spend their time more constructively on behalf of their clients.

penalty statutes expressly require, to show that Allstate's failure to timely pay any undisputed portion of his claim was "arbitrary, capricious, or without probable cause." See La.R.S. §§ 22:658 and 22:1220.  The plaintiff should revisit this Court's summary of the applicable law on penalties in the February 13th Order and Reasons.[2]

The plaintiff's motion for partial summary judgment is DENIED without prejudice.

New Orleans, Louisiana, March 25, 2008.

_____
MARTIN C. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] To the extent the plaintiff is suggesting that no showing of bad faith is necessary, the Court disagrees.